**Troy G. Sexton**, OSB No. 115184
tsexton@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Phone: (503) 417-0500
Fax: (503) 417-0501
*Attorneys for Defendant Michaela Miller*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Pendleton Division

| | |
|---|---|
| JONATHAN TALLMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELA MILLER, an individual,<br><br>Defendant. | Case No. 2:23-cv-01592-HL<br><br>**DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE**<br><br>**ORAL ARGUMENT REQUESTED** |

## <u>LR 7-1 CERTIFICATION</u>

The parties conferred but did not resolve this motion.

## <u>MOTION</u>

Failed political candidate and Morrow County small business owner

Jonathan Tallman is suing Michaela Miller because she talked about the groping,

touching, grooming and harassment from Tallman that she experienced as a 16-

year-old. Four years after he traumatized her, the local community started talking

about Tallman's sexual advances toward minor girls and Miller spoke up to add her

first-hand experience to the discussion and to warn and protect those who might be

exposed to Tallman.

Miller moves to strike Tallman's Complaint in its entirety, or strike

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

individual claims within it, pursuant to ORS 31.150-31.152, because the claims against her arise from speech protected by the anti-SLAPP statute and because Tallman cannot support those claims with admissible evidence. This Motion is based on the accompanying memorandum, the Declarations of Michaela Miller and Troy Sexton, matters subject to judicial notice, the Court's file, and any further evidence or argument that Miller might offer in reply or at the hearing on the Motion.

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

# Table of Contents

I.   Tallman's claims and factual background ............................................................ 6

II.  The Oregon anti-SLAPP statute protects Miller from Tallman's suit. ............... 7

III. Miller's conduct cited in the Complaint is constitutionally protected, triggering the anti-SLAPP statute. ............................................................. 11

IV.  Tallman cannot demonstrate a probability that he will prevail on his claims.. 13

    A.   The common law fair comment privilege defeats Tallman's claims. .............. 14

    B.   Miller's statements are not actionable because they are either true, protected by the First Amendment, not defamatory or not about Tallman........................... 16

    C.   Tallman's judicial admissions in four other lawsuits prevent him from proving that Miller's statements caused his damages. .......................................... 24

    D.   The incremental harm doctrine insulated Miller from liability...................... 25

    E.   Tallman admits he is a public figure, requiring him to prove actual malice.  27

    F.   Even without the broad defenses to all of Tallman's claims, his claims fail on an individual basis. ............................................................. 29

        1.   *Gertz* requires the defamation claim to be dismissed for failure to state a claim. ............................................................. 29

        2.   The Defamation and defamation per se claims fail because they both rely on tenuous implications, not the actual words said. ........................................... 30

        3.   The false light claim also fails. ................................................ 31

        4.   Plaintiff's injunction remedy is barred by the Oregon Constitution and because he has not alleged irreparable harm..................................... 32

V.   CONCLUSION ................................................................. 33

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

## TABLE OF AUTHORITIES

**Cases**

*1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568 (2003)............................10

*Afro-Am. Publ'g Co. v. Jaffe*, 366 F.2d 649 (D.C. Cir. 1966)..............................15

*Bahr v. Statesman Journal,* 51 Or App 177 (1981)...........................................17

*Bahr v. Ettinger*, 88 Or App 419 (1987).....................................................17

*Bank of Oregon v. Indep. News, Inc.*, 298 Or 434 (1985)................................15,28

*Baldine v. Sharon Herald Co.*, 280 F. Supp. 440 (W.D. Pa. 1966).........................15

*Beauharnais v. Pittsburgh Courier Publ'g Co.*, 243 F.2d 705 (7th Cir. 1957)..........16

*Blackburn v. Brady,* 116 Cal App 4th 670 (2004)..............................................9

*Brown v. Gatti*, 341 Or 452 (2006)..........................................................34

*Bryant v. Recall for Lowell's Future Committee,* 286 Or App 691 (2017)............10,14

*Campos v. Jensen*, 296 Or App 402 (2019)...............................................20,21,24

*Chapman v. Journal Concepts, Inc.*, 528 F. Supp. 2d 1081 (D. Haw. 2007) ..........28

*Chief Aircraft, Inc. v. Grill*, 288 Or App 729 (2017)...................................17,18

*Celle v. Filipino Reporter Ents. Inc.*, 209 F.3d 163 (2d Cir. 2000).......................28

*Clackamas River Water v. Holloway,* 261 Or App 852 (2014)...............................8

*Davoodian v. Rivera*, 327 Or App 197 (2023)...............................................12

*Dean v. Guard Pub. Co., Inc.,* 73 Or App 656 (1985)........................................31

*Dossett v. Ho-Chunk, Inc.*, 472 F Supp 3d 900 (D Or 2020)............................12,13

*Edmonds v. Delta Democrat Publ'g Co.*, 230 Miss. 583 (1957)..............................15

*Equilon Enterprises v. Consumer Cause, Inc.* 29 Cal.4th 53 (2002).......................12

*Ferlauto v. Hamsher*, 74 Cal App 4th 1394 (1999)..........................................17

*Fisher v. Wash. Post Co.*, 212 A.2d 335 (D.C. 1965)........................................15

*Flamm v. Am. Ass'n of Univ. Women,* 201 F.3d 144 (2d Cir. 2000).....................15

*Gertz v. Robert Welch, Inc.*, 418 US 323 (1974)......................................28,29,30

*Gildow v. Smith*, 153 Or App 648 (1998)...................................................32

*Hakopian v. Mukasey*, 551 F3d 843 (9th Cir 2008).........................................24

*Handy v. Lane Cty.*, 274 Or App 644 (2015)................................................10

*Hartmann v. Bros. Herald-Traveler Corp.*, 323 Mass. 56 (1948)..........................15

*Hickey v. Capital Cities/ABC, Inc.*, 792 F Supp 1195 (D Or. 1992) ......................17

*Josephine Cty. v. Garnier*, 163 Or App 333 (1999).........................................33

*Levasseur v. Armon*, 240 Or App 250 (2010). ...............................................33

*Magenis v. Fisher Broad., Inc.*, 103 Or. App. 555 (1990)...................................31

*Maidman v. Jewish Publ'ns, Inc.*, 54 Cal. 2d 643 (1960) ..................................15

*Manzari v. Associated Newspapers, Ltd.*, 830 F.3d 881 (9th Cir. 2016)..................28

*Martinez v. Metabolife Intern., Inc.* 113 Cal. App. 4th 181 (2003).......................11

*Milkovich v. Lorain Journal Co.*, 497 US 1, 20 (1990) ......................16,18,20,21

*Miller v. Filter*, 150 Cal. App. 4th 652 (2007)..............................................14

*Neumann v. Liles,* 358 Or 706 (2016) ..............................................18,20,21

*Neumann v. Liles*, 295 Or App 340 (2019) ................................................12

*Orr v. Argus-Press Co.*, 586 F.2d 1108 (6th Cir. 1978)....................................15

*Old Dominion Branch No. 496 v. Austin*, 418 US 264 (1974)...............................17

*Page v. Parsons*, 249 Or App 445 (2012)....................................................8

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

*Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir.1995)...............................18,31
*Philadelphia Newspaper, Inc. v. Hepps,* 475 US 767 (1986)...............................17
*Reesman v. Highfill*, 327 Or 597 (1998)......................................................17,31
*Staten v. Steel*, 222 Or App 17 (2008)............................................................8
*Todd v. Lovecruft*, 2020 WL 60199 (N.D. Cal. Jan. 6, 2020)................................12
*Traditional Cat Ass'n, Inc. v. Gilbreath,* 118 Cal. App. 4th 392 (2004)..............10,14
*Unelko Corp. v. Rooney*. 912 F2d 1049 (9th Cir 1990)......................................18
*Vogel v. Felice*, 127 Cal. App. 4th 1006 (2005)................................................10
*Wallulis v.* Dymowski 323 Or 337 (1996).....................................................14,15
*Yetman v. English,* 168 Ariz. 71 (1991)...........................................................16
*Young v. Davis*, 259 Or App 497 (2013)......................................................9,13

## Statutes

ORS 31.150–155.............................................................................passim

## Other Authorities

Robert D. Sack, Sack on Defamation (3d Ed 2004).............................................26
Restatement (Second) of Torts (1977).....................................................28,31,32

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

.

**MEMORANDUM**

## I.   Tallman's claims and factual background

Tallman and Miller are both from Boardman Oregon. Complaint ¶ 4; Miller
Dec. ¶ 2. Miller moved to LaCenter Washington in 2022, but worked for Tallman at
his coffee shop, the Farmer's Cup starting in April 2019. Miller Dec. ¶¶ 2,3. Miller
was 16 years old when she started working for Tallman and worked with him
nearly everyday. *Id.* at ¶¶ 3,5.

Miller would regularly experience behaviors from Tallman that would be
highly inappropriate in any employment relationship. His conduct was even more
inappropriate considering the age differential between them: he was in his 40s and
Miller was 16. Tallman would rub Miller's shoulders and down her arms, he would
comment on her appearance, put ice down the front or back of her shirt, smack her
buttocks with his open hand touch her breasts and ask her about any sexual
relationship between Miller and her boyfriend. *Id.* ¶¶ 7–13.

Tallman's touching, comments and behavior made Miller feel uncomfortable
and embarrassed. *Id.* ¶ 17. She witnessed similar behavior from Tallman directed to
another underage female coworker. *Id.* at ¶ 18. When she talked about Tallman's
actions with her coworker at sports practice, Miller's coach overheard the
conversation and reported it to the police. *Id.* at ¶ 20. Responding to that report, the
Boardman police department opened an investigation and met with Miller on
multiple occasions. *Id.* at ¶ 23, Ex. 2.

Prior to Miller's interview, Police sought to question Tallman about "an

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

incident involving his juvenile female" employees. Sexton Dec at Ex.P 5. They

questioned Tallman and sought to review the Farmer's Cup's video system. *Id.* But

in response to both inquiries, Tallman refused to cooperate, citing his fifth

amendment right against self-incrimination. *Id.* The Police's investigation into

Tallman was closed without charges being brought. Complaint at ¶ 11.

Despite no charges being filed against Tallman, his conduct has been talked

about regularly in the Boardman community. Miller Dec. ¶ 24. Sexton Dec. Ex. 1,

¶7. Part of that discussion was speculation in the community about who made the

initial statements to the police about Tallman. Miller Dec. at ¶ 24. In an effort to

quell the speculation surrounding her statement to the police about Tallman, Miller

shared her experience with Tallman in a Facebook post made in response to other

people posting the police report to discuss Tallman's conduct and his qualifications

for public office. *Id.* at ¶ 25. Miller's Facebook post detailed her experience with

Tallman and her reasons for not talking about it earlier. *Id.* at ¶ 23–26.

Tallman now claims that Miller's Facebook post defamed him and invaded

his privacy. Complaint ¶¶20–34. He seeks $200,000 in general and special damages

and an injunction "prevent publication of false and defamatory statements", based

entirely on Miller's Facebook post.

## II.    **The Oregon anti-SLAPP statute protects Miller from Tallman's suit.**

This is a prototypical SLAPP suit: Tallman is mad at community members

for talking about his abhorrent conduct, so he is using the courts to try and punish

them for reporting it. The claims in his Complaint fall squarely within the ambit of

ORS 31.150 (2)(d) because the conduct giving rise to the claims, the online

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

comments about his actions, is "conduct in furtherance of the exercise of the…

constitutional right of free speech in connection with a public issue or an issue of

public interest."

When ORS 31.150 applies, the burden shifts to the plaintiff to present

substantial evidence to support his claims. Tallman cannot overcome this

requirement because Miller's post is constitutionally protected and is true.

The acronym "SLAPP" stands for "Strategic Lawsuits Against Public

Participation." *Staten v. Steel,* 222 Or App 17, 30 (2008). Oregon, like other states,

has enacted an "anti-SLAPP" statute on the rationale that a SLAPP's purpose,

rather than to bring a legitimate claim, is to chill a person's "participation in public

affairs." *Clackamas River Water v. Holloway,* 261 Or App 852, 854 n. 1 (2014). ORS

31.150–152, the anti-SLAPP statute, is intended "to provide an inexpensive and

quick process by which claims that might infringe on the right to petition and free

speech on public issues [can] be evaluated to determine if they were frivolous." *Page*

*v. Parsons,* 249 Or App 445, 461 (2012). The anti-SLAPP statute thus provides a

mechanism that "allows defendants who claim that the litigation against them is a

strategic attempt to chill their participation in public affairs to expeditiously obtain

dismissal before incurring significant litigation expenses by filing, instead of an

answer, a 'special motion to strike' the complaint." *Clackamas River Water,* 261 Or

App at 854 n. 1; *Staten,* 222 Or App at 32 ("The purpose of the special motion to

strike procedure is to expeditiously terminate *unfounded* claims that threaten

constitutional free speech rights, not to deprive litigants of the benefit of a jury

determination that a claim is *meritorious*.") (Emphases in original).

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Under Oregon law, the court undertakes a two-step analysis when considering Miller's motion. First, Miller has the burden of making a prima facie case by showing that the cause of action "arises out of" one or more protected activities described in subsection (2) of the statute. *Young v. Davis*, 259 Or App 497, 501 (2013). The Court makes that determination upon consideration of the pleadings, declarations and, if appropriate, matters that may be judicially noticed. ORS 31.150(4).

Second, if Miller meets that burden, the Court must determine whether Tallman has "establish[ed] that there is a probability that the Plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." *Young,* 259 Or App at 501. Each step of that process presents a question of law. *See Id.* at 507–10 (whether the Plaintiff has established a probability of prevailing presents a legal question); *Blackburn v. Brady,* 116 Cal App 4th 670, 676 (2004) (whether the anti-SLAPP statute "applies to a particular complaint … presents a legal question").

In construing the Oregon anti-SLAPP statute, courts should look to California's robust canon of anti-SLAPP appellate opinions for interpretative guidance. *Page,* 249 Or App at 461 (Oregon's anti-SLAPP statute was "modeled on California statutes" and "[i]t was intended that California case law would inform Oregon Courts regarding the application of ORS 31.150 to ORS 31.155.")

If Miller makes her preliminary showing—which, as set out below, she can do readily—the burden shifts to Tallman to show that even though Miller's actions are prima facie protected conduct, Tallman is nonetheless more likely than not to

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

prevail on his claims based on both the applicable law and "by producing direct

evidence, reasonable inferences that may be drawn from that evidence, and

affidavits setting forth such facts as would be admissible in evidence." *Handy v.

Lane Cty.*, 274 Or App 644, 652 (2015), *aff'd in part, rev'd in part,* 360 Or 605 (2016)

(citations omitted).

Tallman must carry this burden with competent and admissible evidence to

support his claims in the Complaint, and to rebut the defendants' defenses. *Bryant

v. Recall for Lowell's Future Committee,* 286 Or App 691 (2017); *see also Traditional

Cat Ass'n, Inc. v. Gilbreath,* 118 Cal. App. 4th 392, 398 (2004) ("...the Court can also

consider a defendant's opposing evidence to determine whether it defeats a

plaintiff's case as a matter of law.") The statute requires Tallman to present

"substantial evidence." ORS 31.150(3). "Substantial evidence" means "sufficient

evidence from which a reasonable trier of fact could find that the Plaintiff met its

burden of production" to support a prima facie case. *Handy v. Lane Cty.*, 360 Or

605, 622–23 (2016). If a plaintiff cannot even state a cause of action, it, by

definition, cannot meet this standard. *Vogel v. Felice*, 127 Cal. App. 4th 1006, 1017

(2005) (Plaintiff cannot show a probability of success where a claim is legally

insufficient on its face); *1-800 Contacts, Inc. v. Steinberg*, 107 Cal. App. 4th 568, 584

(2003) ("In order to establish the necessary probability of prevailing, Plaintiff [is]

required ... to plead claims that [are] legally sufficient").

Tallman's subsequent submissions will not be able to present a prima facie

case or defeat Miller's defenses, even with his low burden at this stage of the case.

The Court must therefore dismiss the Complaint and award Miller attorney's fees

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

and costs.

III.  <u>Miller's conduct cited in the Complaint is constitutionally protected, triggering the anti-SLAPP statute.</u>

Miller readily satisfies the first prong of the anti-SLAPP statute based on the face of the Complaint. The Oregon Revised Statutes define four categories of conduct protected under the anti-SLAPP law:

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

> (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

ORS 31.150 (2)

It does not matter what cause of action a plaintiff uses to attack the protected expression: if the factual conduct described in the Complaint falls into one of these categories, it triggers the anti-SLAPP statute. *Martinez v. Metabolife Intern., Inc.* 113 Cal. App. 4th 181, 187 (2003) ("a Plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a 'garden variety breach of contract [or] fraud claim' when in fact the liability claim is based on protected speech or conduct.").

To qualify for anti-SLAPP protection, the moving party must demonstrate

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

the claim "arises from" constitutionally protected activities. A claim "arises from" an act when the act "forms the basis for the plaintiff's cause of action" *Equilon Enterprises v. Consumer Cause, Inc.* 29 Cal.4th 53, 66 (2002). Miller is being sued for her statements on Facebook about the Defendant's sexualized conduct toward her, which is both a "written statement…. in a place open to the public or a public forum in connection with an issue of public interest" and "…other conduct in furtherance of …the constitutional right of free speech in connection with a public issue or an issue of public interest." ORS 31.150(2)(c) and ORS 31.150(2)(d).

The Oregon appellate courts have readily found speech of this type to be speech on an issue of public interest. *Davoodian v. Rivera*, 327 Or App 197, 211–12, 535 P3d 309, 319 (2023) (private letter to attorney regarding sexual assault allegations was on an issue of public interest.) *Neumann v. Liles*, 295 Or App 340, 345–46 (2019) (issue of public interest is to be understood in its common-sense meaning and a review of a wedding venue is of interest to the public.)

Miller's Facebook post was expressly made with the "hope [that] my story will be used to make a difference in the protection of the children in Boardman" Complaint ¶ 8. It was expressly made to the public for the purpose of protecting the public. Her post—discussing her experience as a minor girl experiencing "sexual and controlling behaviors" from a political candidate, business owner, and hopeful local youth soccer coach—is squarely within the public interest. Discussion of sexual harassment and abuse is in the public interest. *Dossett v. Ho-Chunk, Inc.*, 472 F Supp 3d 900 (D Or 2020) (sexual harassment); *Todd v. Lovecruft*, Case No. 19-cv-01751-DMR, 2020 WL 60199, at *13 (N.D. Cal. Jan. 6, 2020) ("accusations of abuse

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

on their own can serve the interest of the public at large").

Miller's statements on their own fall under ORS 31.150 (2)(d) as statements that are in furtherance of the constitutional right of free speech. Even if they didn't, they would fall under ORS 31.150(2)(c) because they were made in a place open to the public—Miller's publicly accessible Facebook page. *Dossett v. Ho-Chunk, Inc.,* 472 F Supp 3d 900, 908 (D Or 2020)(citing *Barrett v. Rosenthal*, 40 Cal. 4th 33, 41 (2006) (finding that websites accessible to the public are public forums for anti-SLAPP purposes).

Miller has satisfied her initial burden. The claims in the Complaint arise from protected activity: the constitutional right of free speech in connection with a public issue. The burden now shifts to Tallman to present competent evidence of a prima facie case on his claims and overcome Miller's statutory defenses, which Tallman cannot do.

## IV.    <u>Tallman cannot demonstrate a probability that he will prevail on his claims.</u>

The causes of action in the Complaint arise out of Miller's protected conduct and trigger the anti-SLAPP statute. The second step of the anti-SLAPP analysis considers the pleadings and whether a plaintiff "met [its] burden by presenting substantial evidence to support a prima facie case." *Young v. Davis*, 259 Or App 497, 510 (2013). In analyzing that evidence, the Court does "not weigh the plaintiff's evidence against the defendants to determine whether there is a "probability" that the plaintiff will prevail." *Id*. Rather, the Court considers the defendant's opposing evidence to determine if it defeats a plaintiff's claims as a matter of law. *Id.*

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Tallman's burden on prong two is to submit "sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production." *Bryant v. Recall for Lowell's Future Comm.*, 286 Or App 691, 698 (2017). The statute does not impose a high burden, but in cases with statutory defenses that are not reasonably in dispute or where the plaintiff has not stated a claim for relief, that burden can be impossible to meet with competent and admissible evidence. *See, e.g., Miller v. Filter*, 150 Cal. App. 4th 652, 666–71 (2007) (anti-SLAPP motion granted where district attorneys enjoyed governmental immunity); *see also, Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392 (anti-SLAPP motion granted based on statute of limitations and the single publication rule).

## A.    The common law fair comment privilege defeats Tallman's claims.

Tallman cannot present competent and admissible evidence to overcome Miller's Fair Comment Privilege defense. Generally, a qualified privilege exists to protect three kinds of statements: (1) those made to protect the defendant's interests; (2) those made to protect the plaintiff's employer's interests; or (3) those made on a subject of mutual concern to the defendant and the persons to whom the statement was made. *Wallulis v. Dymoski* 323 Or 337, 350 (1996) (citing *Wattenburg v. United Medical Lab.*, 269 Or 377, 380 (1974)). Miller's privilege claim is based on the first and third categories as statements made to protect her own interest, and as statements of mutual concern to members of the boardman community. Miller Dec. ¶ 25, Ex 2.

A "qualified privilege" requires the plaintiff to prove that the defendant

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

abused the "privileged occasion." *Wallulis,* 323 Or at 348; *see Bank of Oregon v. Independent News*, 298 Or. 434, 437 (1985) ("Where the qualified privilege of 'fair comment and criticism' was applicable, the defendants would not be liable if the publication was made in good faith and without malice.").

Under the common law, courts find people subject to fair comment according to their involvement in matters of public interest, public concern, or their dealings on matters of public importance. *Orr v. Argus-Press Co.*, 586 F.2d 1108 (6th Cir. 1978). Discussion of politicians has been well developed but any person who presented themselves or their services or goods to the public were considered to be open to criticism with respect to their reasons of their public involvement. *See Baldine v. Sharon Herald Co.,* 280 F. Supp. 440 (W.D. Pa. 1966), aff'd, 391 F.2d 703 (3rd Cir. 1968); *Flamm v. Am. Ass'n of Univ. Women,* 201 F.3d 144, 150 (2d Cir. 2000). As one court put it, "a person who comes prominently forward in any way and becomes a public or quasi-public figure invites free expression of public opinion including criticism." *Edmonds v. Delta Democrat Publ'g Co.*, 230 Miss. 583, 93 So. 2d 171, 173 (1957). That criticism is privileged so long as the privilege is not abused. *Id.* The privilege attaches to statements about people who entered the public arena, or people who held positions of importance in their community. *Afro-Am. Publ'g Co. v. Jaffe,* 366 F.2d 649 (D.C. Cir. 1966); *Maidman v. Jewish Publ'ns, Inc.*, 54 Cal. 2d 643 (1960). The scope of the privilege is limited to commentary on the matters that bring the person into public life. *Fisher v. Wash. Post Co.,* 212 A.2d 335 (D.C. 1965); *Edmonds v. Delta Democrat Publ'g Co.,* 230 Miss. 583 (1957); *see also Hartmann v. Bros. Herald-Traveler Corp.,* 323 Mass. 56 (1948). The privilege

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

can only be defeated by showing of common law malice, either bad faith or bad motive. *Beauharnais v. Pittsburgh Courier Publ'g Co.*, 243 F.2d 705, 708 (7th Cir. 1957); *Yetman v. English,* 168 Ariz. 71, 74 (1991).

Miller's statements are protected because Tallman invited comment on his qualifications to work with children by volunteering to coach youth soccer and to represent the community by running for elected office. The community responded by discussing the longstanding rumors of his treatment of minor girls, and Miller responded with her first-hand account of Tallman's behaviors. Her statements were made to protect her interest—the community was already discussing the redacted police reports that were produced in response to the initial investigation into Tallman, and Miller had a right to address the rumors that she was the victim whose name was redacted—and the interest to those who might come into contact with Tallman in the future. As statements subject to the fair comment privilege, Tallman must present admissible evidence of either bad faith or bad motive, which he will not be able to do.

## B.    Miller's statements are not actionable because they are either true, protected by the First Amendment, not defamatory or not about Tallman.

To state a claim that is not defeated by the freedom of speech protections of the First Amendment, Tallman must allege a statement that is provably false. *Milkovich v. Lorain Journal Co.,* 497 US 1, 20 (1990). Statements do not imply provably false factual assertions and thus cannot form the basis of a defamation claim if they cannot be "reasonably interpreted as stating actual facts about an

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

individual." *Id.* Thus, "rhetorical hyperbole," "vigorous epithet[s]," "lusty and imaginative expression[s] of [ ] contempt," and language used "in a loose, figurative sense" have all been accorded constitutional protection. *Ferlauto v. Hamsher*, 74 Cal App 4th 1394, 1401 (1999)(citing *Greenbelt Co-op. Pub. Assn. v. Bressler*, 398 US 6, 14 (1970)), *Old Dominion Branch No. 496 v. Austin*, 418 US 264 (1974) "Figurative" language is "characterized by figures of speech or elaborate expression;" "hyperbolic" language is characterized by "extravagant exaggeration that represents something as much greater or less, better or worse, or more intense than it really is or that depicts the impossible as actual." *Chief Aircraft, Inc. v. Grill*, 288 Or App 729 (2017).

"Truth is a complete defense in a defamation case." *Hickey v. Capital Cities/ABC, Inc.,* 792 F Supp 1195 (D Or. 1992) (applying state law and citing *Bahr v. Statesman Journal,* 51 Or App 177, 180, (1981)). Furthermore, an allegedly defamatory statement need only be substantially true; the statement need not be literally true in every detail and minor inaccuracies will be overlooked. *Bahr v. Ettinger,* 88 Or App 419, 422–23 (1987). Of course, to be actionable, a statement must be not only defamatory but also false. Indeed, the United States Supreme Court has held that with regard to statements and matters of public concern, like those at issue here, the *plaintiff* bears the burden of proving falsity before there can be liability in a defamation action. *Philadelphia Newspaper, Inc. v. Hepps,* 475 US 767 (1986).

To be actionable, a statement must be both false and defamatory. *Reesman v. Highfill*, 327 Or 597, 603 (1998). Statements of opinion that cannot be interpreted

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

reasonably as stating actual facts are not actionable because they are constitutionally protected. *Id.* at 606, citing *Milkovich,* 497 U.S. at 20. Whether a statement is fact or opinion is a question of law. *Chief Aircraft*, 288 Or App at 733.

In *Neumann v. Liles,* the Oregon Supreme Court announced the framework for analyzing whether a statement is entitled to First Amendment protection. 358 Or 706 (2016). When a statement involves a matter of public concern, then the statement is actionable only if a reasonable factfinder could conclude that the statement implies an assertion of objective fact. *Id.* at 718–19.

To determine if a statement implies an assertion of objective fact, the Oregon Supreme Court adopted the three-part test utilized by the Ninth Circuit and originating from *Unelko Corp. v. Rooney*. 912 F2d 1049 (9th Cir 1990). The test is:

> (1) Whether the general tenor of the entire publication negates the impression that the defendant was asserting an objective fact;
> (2) whether the defendant used figurative or hyperbolic language that negates that impression; and
> (3) whether the statement in question is capable of being proved true or false.

*Neumann,* 358 Or at 719, citing *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir.1995)

Under this framework, the trial court does not consider Defendant's words in isolation, as pleaded by a plaintiff. Rather, the trial court must "consider the work as a whole, the specific context in which the statements were made, and the statements themselves to determine whether a reasonable factfinder could conclude that the statements imply a false assertion of objective fact and therefore fall outside the protection of the First Amendment." *Neumann,* 358 Or at 719.

In *Neumann*, the Supreme Court held that an online business review of the

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

plaintiff's wedding venue was entitled to First Amendment protection. The online review posted on Google.com stated:

> "Disaster!!!!! Find a different wedding venue.
>
> There are many other great places to get married, this is not that place! The worst wedding experience of my life! The location is beautiful the problem is the owners. Carol (female owner) is two faced, crooked, and was rude to multiple guest[s]. I was only happy with one thing. It was a beautiful wedding, when it wasn't raining and Carol and Tim stayed away. The owners did not make the rules clear to the people helping with set up even when they saw something they didn't like they waited until the day of the wedding to bring it up. They also changed the rules as they saw fit. We were told we had to leave at 9 pm, but at 8:15 they started telling the guests that they had to leave immediately. The 'bridal suite' was a tool shed that was painted pretty, but a shed all the same. In my opinion [s]he will find a why [sic] to keep your $500 deposit, and will try to make you pay even more."

358 Or at 719.

Although the court found several of the statements, if false, were capable of defamatory meaning, the court ultimately found the statements were protected speech. Applying the three-part inquiry, the court found the entire tenor of the review negated the impression that the writer was asserting objective facts about the plaintiff, but rather "reflects Liles's negative personal and subjective impressions and reactions as a guest at the venue." *Id.* at 721. The court also found the hyperbolic expressions of "Disaster" followed by "a histrionic series of exclamation marks," and "worst wedding experience" of the writer's life further negated any impression that he was asserting objective facts. *Id.* Finally, the court considered whether the review was susceptible of being proven true or false, and in light of the context, the hyperbolic language, and the fact that the writer was a guest at the wedding, and not a party who paid for the services, the court concluded

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

that a reasonable factfinder could not conclude that the review implies an assertion of objective facts. *Id.* at 721–22. Rather, the review was an expression of opinion on matters of public concern, protected under the First Amendment. *Id.* at 722.

The court acknowledged that the statements singled out by the plaintiff, standing alone, could create the impression that Liles was asserting facts about Neumann, but when viewed in the context of the remainder of his review, those statements were not provably false. *Id.* at 721–22. Miller's statements here are similar: they are a collection of individual statements that, viewed in isolation, could create a meaning separate from the meaning created by the whole post.

As guided by Neumann, it is necessary to review Miller's statements in context, rather than focusing solely on the phrases singled out by Tallman. *Milkovich v. Lorain Journal Co.*, 497 US 1, 20 (1990) (defamatory speech must be viewed in context to determine whether it is asserting fact or implying assertions of objective fact so as not to penalize "imaginative expression" or "rhetorical hyperbole.").

First, Miller's comments were made on the internet, and like in *Neumann*, they are essentially an expression of her personal experience. Any statements made on Facebook should be viewed skeptically by a court for opinion analysis purposes. *See e.g. Campos v. Jensen*, 296 Or App 402, 408 (2019) (Finding statements made on Facebook to be statements of opinion when considering the *Neumann* factors in context.) Statements based on one person's subjective experience would be viewed skeptically by readers.

Second, Miller's post is clearly an expression of her personal experience. Like

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

in *Neumann*, the declaration that something is a subjective personal experience should act to negate the impression that what follows is a statement of fact capable of defamatory meaning. *See also Id.* Of course, those words alone will not insulate an otherwise factual assertion from liability. *Milkovich*, 497 U.S. at 19 (simply couching statements in terms of opinion does not dispel their defamatory implications).

Third, when individually analyzed, Miller's statements are either true, not about Tallman, not defamatory, not capable of being proven true or false or some combination of the four. The court in *Campos v. Jensen* analyzed individual statements alleging sexual assault on Facebook and came to the same conclusion. 296 Or App 402 (2019). In *Campos,* the court analyzed statements on an individual level despite the recognition that "*Neumann* explicitly instructs to the contrary that sentences contained in a larger statement must be evaluated in view of the whole." *Id.* at 411. If individual statements are not actionable, then a collection of them is also not actionable. Whether viewed as individual statements, or as a whole, Miller's statements are not actionable because the context reveals that it is her personal view-point and "the expression of a personal viewpoint is not something that is susceptible to being proved true or false." *Id.* at 412. Tallman claims that the following statement are defamatory:

> **1. I hope my story will be used to make a difference in the protection of the children in Boardman.**

This statement expresses a genuinely held subjective belief incapable of being proven true or false, is not defamatory and is not about Tallman.

> **2. I was 16 when this police report was made.**

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

This statement is true, is not defamatory and not about Tallman.

**3. To young to understand What i was experiencing was building blocks to an agenda**

This statement expresses a genuinely held subjective belief incapable of being proven true or false and is not about Tallman.

**4. To young to know where to set boundaries and when to speak up**

This statement expresses a genuinely held subjective belief incapable of being proven true or false and is not about Tallman.

**5. For the past 4 years I watched from behind the screen as a vague description of my story has been told on social media,**

This statement is true, not defamatory, and not about Tallman.

**6. Used to protect our city and its children from a man who I once considered a family friend,**

This statement expresses a genuinely held subjective belief incapable of being proven true or false.

**7. Someone who used to play catch with me in his parents back yard, give me a ride to practice, teach me how to drive, come to my sports games, drop off strawberry lemonade at my house, and so much more,**

This statement is true and is not defamatory

**8. But what was a 40 year old man doing creating a fun loving space for a 13-16 year old girl**

This statement expresses a genuinely held subjective belief incapable of being proven true or false.

**9. Something I wish I would have asked myself sooner.**

This statement expresses a genuinely held subjective belief incapable of being proven true or false and is not about Tallman.

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

10. **gratefully I was lucky enough to have been surrounded by friends and coaches who started to pick up on the sexual and controlling behaviors this man was using towards me, where it could have gone I don't even want to try to imagine**

This statement expresses a genuinely held subjective belief incapable of being proven true or false.

11. **As an adult now I look back more on my situation and it breaks my heart I was to naïve to realize what was going on,**

This statement expresses a genuinely held subjective belief incapable of being proven true or false and is not about Tallman.

12. **there was a lot of stuff that I was to embarrassed to say to the police and I wish I could go back protect my self and my friends, unfortunately I can't.**

This statement expresses a genuinely held subjective belief incapable of being proven true or false

13. **But my story can make a difference in protecting the children now**

This statement is true is not defamatory and is not about Tallman.

14. **This is not the first time this man has tried to receive a position where he would be given the opportunity to work one on one with kids , given the opportunity to create a "fun and loving" environment for them,**

This statement is true and is not defamatory.

15. **I am also not the only one with a story already, and unfortunately I wasn't the last.**

This statement expresses a genuinely held subjective belief incapable of being proven true or false, and is not defamatory.

16. **Publicly announcing this is one of the most terrifying things I have ever posted.**

This statement expresses a genuinely held subjective belief incapable of being proven true or false, is not about Tallman and is not defamatory.

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**17.** **Putting myself in a position to be called names, accused of being a liar, and for my name to be talked amongst the people of Boardman.**

This statement expresses a genuinely held subjective belief incapable of being proven true or false, is not about Tallman and is not defamatory.

**18.** **But it is my goal that the city will start to see this man as a Predator And use my story to protect others**

This statement expresses a genuinely held subjective belief incapable of being proven true or false.

**19.** **Thank you Nunez family and so many other family's who have been my supporters through this journey, I would not have had the confidence to speak up if it wasn't for you**

This statement expresses a genuinely held subjective belief incapable of being proven true or false, is not about Tallman and is not defamatory.

When viewed in isolation, the First Amendment protects each part of Miller's statements. The general tenor of the individual statements combined into her whole post goes further and makes clear that her post is the expression of a personal viewpoint. That is not something that is susceptible to being proven true or false. *Campos v. Jensen*, 296 Or App 402, 412 (2019).

**C.    Tallman's judicial admissions in four other lawsuits prevent him from proving that Miller's statements caused his damages.**

Allegations in a complaint are judicial admissions. *Hakopian v. Mukasey*, 551 F3d 843, 846 (9th Cir 2008) (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988)). Tallman's four other complaints, filed contemporaneously with his Complaint against Miller in Oregon State Court, all contain the same copy-and-paste allegations related to his damages. But those admissions in his other cases necessarily bar him from proving that the same damages were caused by

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Miller here.

Tallman claims that Frankie and Dianna Nunez's statements online caused $200,000 in damages because of the investigation into his conduct by the U.S. Center for SafeSport and his suspension from participating in the Oregon Youth Soccer Association clubs, a decrease in business at The Farmer's Cup, and "worse still" that a contractor refused to continue doing business with him. Sexton Dec. Ex. 1, ¶¶ 19-22. Tallman also claims that Faith Spencer caused the same damages for the same statements, that Sandy Tom also caused the same damages from the same statements, and that Dillon Spencer caused the same damages from the same statements. Sexton Dec. Ex. 2, ¶¶ 9-12 (Faith Spencer) Ex. 3, ¶¶ 10-13 (Sandy Toms), Ex. 4 ¶¶ 19-22. (Dillon Spencer).

Tallman's judicial admission that each of these peoples' online speech about his conduct caused the same damages from the same community responses, precludes the finding that Miller's should also be liable. This is not the case of alternative pleading or joint tort liability within a single case, where there are claims against multiple defendants that all caused some harm that the jury is to allocate among them. These are separate cases, all alleging the same damages, but caused by different speakers. It is logically impossible for Michaela Miller to be responsible for the same conduct that Tallman admits is the responsibility of others in other litigation.

**D.    The incremental harm doctrine insulated Miller from liability.**

The law of defamation has established "the principle that where true statements accompany a false one and the 'incremental harm' done by the falsity is

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

negligible, recovery is… forbidden." 1 Robert D. Sack, Sack on Defamation, § 2.4.18

(3d Ed 2004). This is sometimes called the "incremental harm doctrine."

> The doctrine recognizes that if a publication contains major true and minor false defamatory statements, its minor mistakes are themselves unlikely to result in substantial harm. It therefore helps protect against litigation either seeking an undeserved financial windfall or designed to punish a speaker for stating harmful truths rather than to compensate the plaintiff for the insignificant falsehoods.
> *Id.*

The incremental harm doctrine is closely related to causal problems that

prohibit a plaintiff from stating a defamation cause of action. Where the allegedly

false statements do not cause harm beyond statements which are either

unchallenged or non-actionable or were simply another drop in the bucket of

defamatory material where damages from the specific statements are quantified,

the defendant cannot be held liable.

Tallman sued six people in five lawsuits for their online comments about him

in relation to prior police investigations into his conduct. Sexton Dec. ¶ 3, Ex.1–4. In

each lawsuit, he alleged that the same amount of damages—$200,000—resulted

from the exact same facts—the investigation into his conduct by the U.S. Center for

SafeSport and his suspension from participating in the Oregon Youth Soccer

Association clubs, a decrease in business at The Farmer's Cup, and "worse still"

that a contractor refused to continue doing business with him "based on the

unfounded rumors spread by Defendant".

It is a logical impossibility that the statements of the six defendants each

individually caused the harms that Tallman complains of because each is alleged to

have caused the same harm with their individual, and different, statements. Miller

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

cannot be liable to calling Tallman a "predator" and thereby causing an investigation into his conduct, a decrease in business, and a contractor to refuse to continue doing business with him, when Frankie Nunez said that "[a]nyone who has slapped a teenagers butt, someone who has tried to touch their breast, someone who has put ice down a teenagers shirt should definitely not be allowed to be a coach or be around kids!" and cause the same outcomes—an investigation into his conduct, a decrease in business, and a contractor to refuse to continue doing business with him. Sexton Dec. Ex. 1, ¶ 13.

The incremental harm doctrine also requires that Tallman prove that Miller's statements caused harm beyond the unchallenged police reports. Those statements to the police are well outside the statute of limitations (and immune under other defenses not discussed here) and are not being challenged by Tallman in any of his five lawsuits. The police reports lay out in sober detail the factual basis of the opinion statements in Miller's Facebook post. Tallman simply cannot demonstrate that Miller's statement online caused him harm separate and distinct from the harm caused by the police report. Not only is the police report more graphic in the detail of what Miller experienced as a girl working with the much-older-man Tallman, it is likely to be considered far more consequential. A report to the police is a serious thing, while common experience has shown that a post on Facebook is a less reliable news source.

### E.    Tallman admits he is a public figure, requiring him to prove actual malice.

Where a defamation plaintiff is a public figure, they must prove through clear

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

and convincing evidence that the defendant either knew the communication was false, or recklessly disregarded whether it was false, and that the communication caused damages. Restatement (Second) of Torts §§ 558, 563 (1977); *Bank of Oregon v. Indep. News, Inc.*, 298 Or 434, 441–43 (discussing limited public figure standard and collecting authorities). To satisfy the clear-and-convincing standard in the context of an anti-SLAPP motion, a plaintiff must demonstrate "a probability that he or she can produce such clear and convincing evidence." *Manzari v. Associated Newspapers, Ltd.*, 830 F.3d 881, 889 (9th Cir. 2016) (applying California anti-SLAPP statute).

Tallman's own allegations support that he is a prominent member of the Boardman community and earned that prominence by thrusting himself into community discussions by running for political office. Tallman has run for local political office twice, and "[f]or this reason alone, any reader would understand that" a reference to a person whose "name has been on TWO of our ballots" is referring to Tallman. Sexton Dec. Ex. 1, ¶ 7.

The Court thus should find that he is a public figure within the Boardman community. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974) (noting that public figures are those that, because they have thrust themselves to the forefront of particular public controversies, they invite attention and comment); *Chapman v. Journal Concepts, Inc.*, 528 F. Supp. 2d 1081, 1089 (D. Haw. 2007) (holding that prominent surfer was a public figure within surfing community, even if not for all purposes, and that therefore his defamation claim was subject to heightened First Amendment standard); *Celle v. Filipino Reporter Ents. Inc.*, 209 F.3d 163, 176 (2d

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Cir. 2000) (affirming district court finding that "well known radio commentator within the Metropolitan Filipino-American community" was a public figure). Because he is a public figure, Tallman must present evidence of knowing or reckless falsity and damages that the allegedly defamatory statements caused.

> **F.    Even without the broad defenses to all of Tallman's claims, his claims fail on an individual basis.**

Tallman's claims should be dismissed because Miller's statements are subject the numerous—and totally dispositive—defenses addressed above. But even if they were not, Tallman still cannot prevail when analyzed on a claim-by-claim basis.

> **1.    *Gertz* requires the defamation claim to be dismissed for failure to state a claim.**

Initially, Tallman's defamation claim fails because he attempts to establish liability without fault. Under common law, a plaintiff only needed to prove that a statement was defamatory. There was no requirement that the defendant know that the statement was false or defamatory in nature. The only requirement was that the defendant must have intentionally or negligently published the information.

When "the substance of the defamatory statement 'makes substantial danger to reputation apparent'" the first amendment prevents states from imposing liability without fault. *Gertz v. Robert Welch, Inc.,* 418 US 323, 347 (1974). While "[s]tates may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual" that standard must be something more than strict liability. *Id.*

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Tallman's complaint asserts just that: Miller made certain statements that are allegedly defamatory, and that Tallman has suffered harm as a result. He does not allege that Miller acted negligently, intentionally, recklessly, or with any other standard of fault. Instead, he asserts that she is strictly liable to him for the content of her statements. The First Amendment and *Gertz* conclusively say otherwise.

## 2.    The Defamation and defamation per se claims fail because they both rely on tenuous implications, not the actual words said.

Tallman's defamation and defamation per se claims require drawing a defamatory inference from a facially nondefamatory communication. "When defamation by implication is alleged, this court has held that the link between the communication and the defamatory inference must not be 'too tenuous.' In other words, when a claim for defamation requires the drawing of a defamatory inference, the inference that the plaintiff seeks to draw from the facially nondefamatory communication must be reasonable." *Brown v. Gatti*, 341 Or 452, 458–59 (2006).

The implication that Tallman draws from Miller's statement— that "he has molested multiple children and young women"—is far too tenuous to draw from these facts and is directly contradicted by the words of Miller's post. Complaint ¶ 31. Miller's post was that she believed that she was experiencing "building blocks to an agenda," that she was experiencing "sexual and controlling behaviors" and that had friend and coaches not picked up on these behaviors, "where it could have gone I don't even want to try to imagine." She specifically states that, contrary to the Complaint's assertion, Tallman's behavior did not rise to the level of molestation

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

because it was limited to "sexual and controlling behaviors," and "where it could have gone"—***but didn't go***—she "didn't even want to try to imagine." The implication that Tallman attempts to draw is too tenuous to be actionable. *See Partington v. Bugliosi*, 56 F3d 1147, 1161 (9th Cir 1995) (statement that the Plaintiff's version of the facts is not correct does not implicate that he is a "liar" and therefore casts him in a false light); *Reesman v. Highfill*, 327 Or 597, 604–05(1998) (statement that a pilot conducts a maneuver which "is definitely frowned upon by FAA authorities" does not imply that a plaintiff is an unsafe pilot.)

### 3.    The false light claim also fails.

Tallman's false light claim also fails. "To place a person in a false light is akin to defamation, because it leads others to believe something about that person which is not true." *Dean v. Guard Pub. Co., Inc.*, 73 Or App 656, 659 (1985). False light claims must meet the same constitutional standards as defamation claims. The evidence for both torts rests on the same underlying conduct, but false light provides a remedy for invasion of privacy, and defamation provides a remedy for damage to reputation. *Magenis v. Fisher Broad., Inc.*, 103 Or. App. 555, 558, (1990). The analysis, and case law, discussing both claims is essentially interchangeable.

Oregon has adopted the false light elements from the Restatement (Second) Torts. *Dean v. Guard Pub. Co., Inc.*, 73 Or. App. 656, 659–60 (1985). The Restatement says that a plaintiff must prove: (a) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (b) the defendant has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Restatement 2d § 652E:3. False light requires falsity, a highly offensive association, and actual knowledge or reckless disregard of the truth. *Id.*

Tallman claim's that Miller's post caused "members of the public who viewed the statements reasonably understood the statements to mean that Mr. Tallman had committed a crime of moral turpitude, namely, child molestation." Tallman's false light claim is based on the *implications* of Miller's statements, not the actual words of the statements themselves.

False light also requires "actual knowledge or reckless disregard" of the truth, which Tallman cannot prove. Miller's post is a statement of her own experiences as a 16-year-old who was employed by Tallman, and how now, looking back at his conduct, it was inappropriate in ways that she now sees and understands. Her post is about her experience, and her subjective experience is incapable of proof of falsity or actual knowledge of truth to the contrary.

Additionally, the false light claims are subject to the same analysis as defamation by implication. It requires drawing a defamatory inference from a facially nondefamatory communication, which as discussed above, cannot be done here because the implication is too tenuous.

### 4.    Plaintiff's injunction remedy is barred by the Oregon Constitution and because he has not alleged irreparable harm.

"An injunction is an extraordinary remedy, to be granted only on clear and convincing proof of irreparable harm when there is no adequate legal remedy." *Gildow v. Smith*, 153 Or App 648, 653 (1998 (citing *Wilson v. Parent*, 228 Or 354, 370 (1961). Proof of irreparable harm is a prerequisite of injunctive relief generally.

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

*Josephine Cty. v. Garnier*, 163 Or App 333, 336 (1999). "Moreover, there must be an appreciable threat of continuing harm." *Levasseur v. Armon*, 240 Or App 250, 259 (2010).

Tallman's injunction remedy should be stricken because any harm from further speech against him is not irreparable: he claims $200,000 in damages is adequate to repair his damages based on past speech that he doesn't like. Future speech will be equally addressable. Setting aside the redressability issue of future damaging speech, Tallman's injunction is also prohibited by the Oregon Constitution. Article 1, Section 8 prohibits any law from being "passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever." The only available remedy is damages. *See Id.* ("but every person shall be responsible for the abuse of this right.")

## V.    **CONCLUSION**

Miller's Motion should be granted because Tallman is suing based on Miller's constitutionally protected conduct, and Tallman cannot defeat Miller's defenses as a matter of law. The court should enter a judgment of dismissal without prejudice, and award Miller her attorney's fees and costs consistent with ORS 31.152(3).

DATED November 27, 2023

MOTSCHENBACHER & BLATTNER LLP

Troy G. Sexton, OSB #115184
Of Attorneys for Defendant Michaela
Miller.

DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL
MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **DEFENDANT MICHAELA**

**MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE** on the attorney or

party listed below on the date set forth below by the method(s) indicated:

**Buchalter, A Professional Corporation**
Attn.: Daniel P. Larsen, OSB No. 943645
805 SW Broadway, Suite 1500
Portland, OR 97205

**Buchalter, A Professional Corporation**
Attn.: Josh H. Escovedo, California Bar No. 284506, and
Christina M. Morgan, California Bar No. 277877
500 Capitol Mall, Suite 1900
Sacramento, CA 95814

☒ First-class mail, postage prepaid
☐ Facsimile, pursuant to ORCP 9 F
☐ Hand-delivery
☐ Overnight courier, delivery prepaid
☐ E-mail, pursuant to ORCP 9 G
☐ E-mail copy, as a courtesy only
☒ CM/ECF
system, pursuant to UTCR 21.100.
☐ Other

DATED November 27, 2023

MOTSCHENBACHER & BLATTNER LLP

Troy G. Sexton, OSB #115184
Of Attorneys for Defendant Michaela Miller.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com