**Troy G. Sexton**, OSB No. 115184
tsexton@portlaw.com
Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Phone: (503) 417-0500
Fax: (503) 417-0501
*Attorneys for Defendant Michaela Miller*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Pendleton Division

| | |
|---|---|
| JONATHAN TALLMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELA MILLER, an individual,<br><br>Defendant. | Case No. 2:23-cv-01592-HL<br><br>**DEFENDANT MICHAELA MILLER'S REPLY IN SUPPROT OF HER ORS 31.150 SPECIAL MOTION TO STRIKE**<br><br>**ORAL ARGUMENT REQUESTED** |

## REPLY

In response the Defendant Miller's anti-SLAPP motion, Jonathan Tallman takes a depressingly familiar tact: he blames the victim because she talked about the groping, touching, grooming and harassment from Tallman that she experienced as a 16-year-old. Tallman's complaint should be dismissed because he does not meet his evidentiary burden and because Miller's statements on Facebook are protected speech.

Page 1 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

## Table of Contents

I. Judicial estoppel now bars Tallman's claims. ........................................................ 3

II. Tallman is a limited purpose public figure within the Boardman community.... 6

III. Tallman fails to introduce any causation evidence that could contradict his contrary judicial admissions in other cases. .............................................................. 7

IV. Tallman fails to present evidence on Miller's actual knowledge or reckless disregard for the truth and attempts to shift his claims beyond those made in the pleadings. ..................................................................................................................... 11

V. Tallman fails to state a claim for defamation because it relies on an unconstitutional strict liability degree of fault. ............................................................ 14

VI. Tallman's argument against Miller's fair comment defense ignores the actual language used and misstates the law. ....................................................................... 15

VII. The Facebook post is protected opinion under *Neumann*. .................................. 16

VIII. Tallman's evidentiary objections don't comply with local rules and are moot. 17

IX. CONCLUSION ................................................................................................ 19

.

Page 2 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**Motschenbacher & Blattner LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**MEMORANDUM**

I. **Judicial estoppel now bars Tallman's claims.**[1]

At the time that Miller filed her Motion, there were four other cases pending in Oregon state court where Tallman asserted that the speech of others caused the same harms that he claims was caused by Miller.[2] In her Motion, Miller asserted that those judicial admissions prevented Tallman from now asserting that those same harms were caused by Miller. *See* Motion at 24.

At the time that Miller filed her Motion, the admissions in the other cases were just admissions, as no court action had yet been taken on them. These admissions created an evidentiary hurdle that Tallman could not satisfy.

After Miller filed her Motion, the posture of those other cases changed, adding yet another reason why Tallman's claims here must be dismissed: judicial estoppel. Tallman obtained a default order against Faith Spencer on December 6, 2023. Sexton Supp. Dec at 2. That default order prevents Tallman from making contrary allegations in other litigation.

Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment" and prevents "the perception that either the first or the second court was misled." *Perez v. Discover Bank*, 74 F4th 1003, 1008 (9th Cir 2023) (citing *New*

---

[1] Miller could not have raised judicial estoppel in her Motion because no court had yet ruled on the veracity of Tallman's state court allegations. Miller raises it now for the first time on Reply, recognizing the Tallman could be prejudiced by an inability to respond to this new argument. Miller does not object to Tallman filing a sur-reply limited to judicial estoppel.

[2] One of those four cases, *Jonathan Tallman v. Dillon Spencer* was subsequently removed to this Court on diversity grounds. *See* Case No. 2:23-cv-01773-HL

Page 3 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

Motschenbacher & Blattner LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

*Hampshire v. Maine*, 532 US 742, 749–51 (2001) (internal quotation marks and citation omitted). Judicial estoppel "is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F3d 778, 783 (9th Cir 2001). In the Ninth Circuit, a party is estopped from making an argument when 1) its current position is "clearly inconsistent" with its previous position; 2) "the party has succeeded in persuading a court to accept that party's earlier position"; and 3) the party, if not estopped, "would derive an unfair advantage or impose an unfair detriment on the opposing party." *Id.*

These three elements are squarely present here. Tallman's arguments in the Faith Spencer case are clearly inconsistent with the arguments here. In the Spencer Case, Tallman claims that Faith Spencer's statements online caused $200,000 in damages because of the investigation into his conduct by the U.S. Center for SafeSport and his suspension from participating in the Oregon Youth Soccer Association clubs, a decrease in business at The Farmer's Cup, and "worse still" that a contractor refused to continue doing business with him. Sexton Dec. Ex. 2, ¶¶ 9–12. As to Miller, Tallman claims that her statements online caused $200,000 in damages because of the investigation into his conduct by the U.S. Center for SafeSport and his suspension from participating in the Oregon Youth Soccer Association clubs, a decrease in business at The Farmer's Cup, and "worse still" that a contractor refused to continue doing business with him. Complaint ¶¶ 12–16.

A party's current position is clearly inconsistent with its previous position if

Page 4 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

the current position "contradict[s]" the previous position. *Baughman v. Walt Disney World Co.,* 685 F.3d 1131, 1133 (9th Cir. 2012). *See e.g. Bistro Executive, Inc. v. Rewards Network, Inc.,* CV 04-4640 CBM MCX, 2006 WL 6849825, at *5 (CD Cal July 19, 2006) (where different cases are based on contracts with "similar, if not identical, language" the position in one case that the contracts were "loans" directly contradicts the position in the latter case that they are "purchases."). The language used in both complaints is *exactly* the same with Spencer at fault in one and Miller at fault in the other, making them necessarily contradicting.

Tallman has already succeeded in persuading a court to accept that his earlier position is correct. A party successfully persuades a court to accept the party's earlier position when the court "accept[s] and relie[s] upon" the position "when making its ruling." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.,* 555 F.3d 772, 779 (9th Cir. 2009). Spencer was found in default on December 6th, 2023. A default order in Oregon State Courts establishes "the truth of the factual allegations contained in the complaint…" *Rajneesh Foundation Int'l v. McGreer*, 303 Or 139, 142, adh'd to on recons, 303 Or 371 (1987). The default Order against Spencer is conclusive, just like any other order, and established that Spencer made the statements alleged in the complaint.

Finally, a party derives an unfair advantage from taking two contradictory positions if invoking the new position creates the "possibility of [the party] prevailing on the very position it successfully discredited." *Spectrum Worldwide*, 555 F.3d at 779–80. Tallman derive an unfair advantage because he could obtain a double recovery: Spencer caused the harm that Tallman now claims to have been

Page 5 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

caused by Miller.

## II. Tallman is a limited purpose public figure within the Boardman community.

Tallman attempts to avoid his status as a public figure by pretending that he is just another small business owner, and that if he is a public figure, then so is every other person in the United States. Tallman also argues that there must be some nexus between the discussion and the subject matter of the defamatory statements, and that nexus is lacking here. In making these arguments, Tallman wholly ignores Miller's argument that it is his prior political candidacy that makes him a public figure, and the context of the online commentary about Tallman was entirely related to his qualifications for public office.

Tallman is a serial political candidate for elected office in Boardman, making him a limited public figure for the purposes of his qualifications for elected office. Tallman Declaration ¶¶4–8. *Monitor Patriot Co. v. Roy*, 401 US 265, 272 (1971) ("the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office.") The online discussion about Tallman's behavior around minor girls has its genesis in Tallman's political activities. Sexton Dec. Ex 1 ¶ 7 ("For years, Mr. and Mrs. Nuñez have been spreading lies about Mr. Tallman. For example, on November 8, 2022, Mrs. Nuñez posted, '…Stop blindly following a shameless child molester! His name has been on TWO of our ballots now sick bastard. How is our world still so messed up that pedophiles get to live their life how they want while victims have to hide and not talk about what happened[.]'")

Page 6 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Tallman's qualifications as a political candidate—such as his sexualized behavior around minor girls—is absolutely within the scope of what the public would want to know about the qualifications of a person who has run for political office multiple times. Furthermore, this litigation itself is newsworthy in the local press specifically because of Tallman's past political candidacy. Sexton Supp. Dec. Ex 2. ("Boardman mayoral candidate sues six for defamation."). As a matter of constitutional law "a charge of criminal conduct, no matter how remote in time or place, can never be irrelevant to an official's or a candidate's fitness for office for purposes of application of the 'knowing falsehood or reckless disregard' rule of New York Times Co. v. Sullivan." *Monitor Patriot Co.* at 277.

Because he is a public figure, Tallman must satisfy the *New York Times* standard and present evidence of knowing or reckless falsity. *New York Times Co. v. Sullivan*, 376 US 254, 279–80 (1964) (The constitution prohibits a public figure "from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.") Tallman has not presented such evidence. His claims must therefore be dismissed.

## III. **Tallman fails to introduce any causation evidence that could contradict his contrary judicial admissions in other cases.**

As discussed more fully in the Motion, Tallman admits in his other pleadings that the same harm and the same damage claimed to have been caused by Miller

Page 7 of 19
{00639969;1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

Motschenbacher & Blattner LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

was caused by others. In Response, Tallman claims that those allegations are not binding on him here, and that, even if they were, all those other admissions establish is Miller's right to contribution from those other parties. Tallman misunderstands the impact of his prior admissions, misunderstands Miller's right to contribution from those other parties, and fails to present evidence of the causal connection between Miller's speech and his losses.

As to Miller's right to contribution from other defendants, she has no such right. Contribution would be governed by ORS 31.800(1), which requires that "two or more persons become jointly or severally liable in tort for the same injury." But in the defamation and false light context, the injury is the speech, not the harm that occurs from the speech, and each party said different things. The Oregon Supreme Court succinctly disposed of Tallman's argument in interpreting ORS 18.440(1), the same statute before it was renumbered to the current scheme, but stating that "the third party defendant [the other defendants sued by Talman] is liable to the original defendant-third party plaintiff [Miller] for a portion of the total liability only if the original plaintiff [Tallman] could have recovered against the third party defendant." *Miller v. City of Portland*, 288 Or 271, 274 (1980) abrogated on other grounds by *Fulmer v. Timber Inn Rest. & Lounge*, Inc., 330 Or 413, 9 P3d 710 (2000). In evaluating the adequacy of a contribution claim, the court "must treat them as if [Tallman] were alleging them against the [other defendants]. *Id.* Contribution therefore requires a triangular relationship with the Plaintiff at the apex. If the Plaintiff can make the same claim against each defendant, then the defendants can assert contribution between the two of them:

Page 8 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com



Tallman *can't* make the same claim against Miller as against the other defendants because they *said different things*. Miller didn't call Tallman a "child molester" as he alleged that Sandy Toms and Dianna Nunez have. Sexton Dec. Ex. 3 ¶¶7–8 (Toms); Ex. 1 ¶¶11–17 (Nunez).

As to Tallman's admissions in other cases, those admissions are direct evidence that others, and not Miller, caused the harm that he here alleges that Miller caused. While it may be accurate for Tallman to say that those allegations are not conclusively binding on him here, the fact of their existence creates an evidentiary baseline that he must overcome. He must present evidence that Miller, and not the others, caused his damage. *Aginsky v. Farmers Ins. Exchange,* 409 F. Supp. 2d 1230, 1236 (D. Or. 2005) ("The factual statement in a pleading in another judicial proceeding is 'some evidence' in this proceeding of a statement against interest."). Where factual issues are raised in an anti-SLAPP motion, Tallman's obligation is to provide evidence that meets FRCP 56's standards for defeating a summary judgment motion. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F3d 828, 834 (9th Cir 2018), *amended,* 897 F3d 1224 (9th Cir 2018) ("[O]n the other hand, when an anti-SLAPP motion to strike challenges the factual

Page 9 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply").

There is a natural tendency of defamation plaintiffs to attribute their every imaginable post publication woe to an allegedly defamatory statement. When a plaintiff asserts that a particular loss has resulted from actions taken by third-parties on the basis of a defamatory statement, the plaintiff must produce some evidence to establish that the defendant's statements caused the loss. *Bippes v. Hershey Chocolate U.S.A.*, 180 FRD 386, 390 (D Or 1998) (no evidence that defamatory statement caused inability to find future employment); *Benassi v. Georgia-Pac.*, 62 Or App 698, 709 (1983), opinion adh'd to as modified on recons, 63 Or App 672 (1983), and rev den, 295 Or 730 (1983) (same, and adding dicta that if the plaintiff was a proprietor of an "ongoing business whose receipts fell off after publication" then there must be some proof that the statement was received by its customers.)

But Tallman fails to present any evidence that could disprove the allegations in the other cases or explain how it was Miller's statements that caused his harm and not the statements of the others. There are no declarations of former customers saying that they stopped doing business with Tallman because of Miller's statements. The exhibits that Tallman provides from Oregon Youth Soccer and Harvest Hosts don't make any reference to Miller's statements; they obliquely refer to "allegations" or to documents "that are public record" and reports from "both county and local authorities". Tallman Dec. Ex. D, F. Tallman's declaration—an evidentiary device that he has complete control over—fails to take the most basic

Page 10 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

step of making the self-serving allegation that Miller's statements caused his harm. *See* Tallman Dec, generally. He instead merely alleges that Miller made certain statements, that they are allegedly false, and certain negative consequences have occurred since Miller's statements were made. But nowhere does he make the necessary causal connection between Miller's statements and the harm alleged in the complaint. That failure, combined with the judicial admissions in the other cases, requires dismissal of his claims.

## IV. Tallman fails to present evidence of Miller's actual knowledge or reckless disregard for the truth and attempts to shift his claims beyond those made in the pleadings.

As discussed in the Motion, false light requires "actual knowledge or reckless disregard" of the truth by Miller. Tallman's response completely fails to address this required element of his false light claim.

Actual knowledge requires evidence of the defendant's *actual knowledge*. Tallman presents no evidence of what Miller's actual knowledge was, nor could he because he has not sought discovery which could lead to evidence of what her actual knowledge actually is. Similarly, evidence of reckless disregard for the truth requires more than simply competing declarations about what occurred. "There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 US 727, 731 (1968). The standard is subjective—there must be sufficient evidence to permit the conclusion that this defendant actually had a "high degree of awareness of ... probable falsity." *Garrison v. Louisiana,* 379 US 64,74,

Page 11 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

(1964). Tallman fails to present any evidence of Miller's actual knowledge or that she subjectively entertained serious doubts about the truth of her statements.

In addition to failing to present evidence on a necessary element of his false light claim, Tallman now tries to improperly shift his arguments away from what is actually pled in his Complaint. He now claims that his false light claim is not based on implications but is based on "Miller's specific acts and statements". Response at 22. This is contrary to the Complaints' assertion that Miller's "public posts about Mr. Tallman state or *otherwise suggest* that he has molested multiple children and young women." Complaint at ¶ 31 (emphasis added). If Tallman is now relying on the actual words of Miller to prove false light, then his claim fails because there is no evidence that Miller said that Tallman, "molested multiple children and young women" as alleged in the Complaint.

In arguing against the false light claim, Tallman also tries to shift the court's attention away from Miller's actual words to Miller's *sharing* of the police report posted by another person. He now argues that this constitutes *publication by Miller* of the police report, and that Miller is liable for her statements in the Police report. Response at 22 ("Defendant's publication of the police report constitutes a false light invasion of privacy"); Complaint at ¶¶7–10 ("On August 25, 2023, an individual named Frankie Nuñez Lezama post a five-page police report to a Facebook group entitled, "the New Boardman community," and to his personal Facebook page…." "Ms. Miller shared the Mr. Nuñez's post".)

The statements made to the police and embodied in the police report are not actionable because they were made well outside the statute of limitations for either

Page 12 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

defamation or false light. ORS 12.120 ("An action for libel or slander shall be commenced within one year."); *Magenis v. Fisher Broad., Inc.*, 103 Or App 555, 560 (1990) ("[W]hen a claim characterized as false light alleges facts that also constitute a claim for defamation, the claim must be filed within the period for bringing a defamation claim"); Tallman Dec. Ex. A ("Date Reported: 8/21/2019").

If posting the police report constitutes a new publication, the Complaint admits that it was not Miller who posted the police report, but Nuñez. Complaint ¶¶ 7,9. Miller did not publish the report—she "shared Mr. Nuñez's post." Complaint ¶ 10. This distinction, between independently publishing and linking to an existing publication, critically undermines the Plaintiff's ability to claim damages related to the Police Report. The Complaint also fails to make it apparent that liability is premised on anything in the police report.

Linking to another's posting on the internet is not a new publication because of the single publication rule ("SPR"). Under the SPR, any single edition of a newspaper or book gives rise to only one cause of action for any defamatory statement, regardless of how many copies of the newspaper or the book were distributed. Links to statements already published on the internet, without more, do not republish those statements. Rather, most courts have found that linking is more reasonably akin to the publication of additional copies of the same edition of a book, which is a situation that does not trigger the republication rule. *See Sundance Image Tech., Inc. v. Cone Editions Press, Ltd.,* 02 CV 2258 JM (AJB), 2007 WL 935703, at *7 (SD Cal Mar 7, 2007). Since the Complaint makes it apparent that Miller linked to the existing police reports, she cannot be liable for their content

Page 13 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

because of the SPR and the statute of limitations.

## V. Tallman fails to state a claim for defamation because it relies on an unconstitutional strict liability degree of fault.

Tallman's response does not address his failure to plead defamation with the correct degree of fault. This failure should result in the granting of Miller's Motion.

When "the substance of the defamatory statement 'makes substantial danger to reputation apparent'" the first amendment prevents states from imposing liability without fault. *Gertz v. Robert Welch, Inc.,* 418 US 323, 347 (1974). While "[s]tates may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual" that standard must be something more than strict liability. *Id.*

Tallman's only response to his failure to plead allegations of Miller's fault is that he should be allowed to replead. Response at 22. While strictly correct that granting Miller's motion without an opportunity to replead to correct pleading deficiencies would run afoul of FRCP 15(a)'s policy favoring liberal amendment, Miller's substantive legal right to her attorney's fees for a successful motion would still accrue. *See Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F3d 1081, 1091 (9th Cir 2004); ORS 31.152(2) (awarding fees for "[a] defendant who prevails" on their anti-SLAPP motion"). While Tallman may be able to replead to avoid dismissal, Miller would be entitled to her fees in bringing this Motion.

/ / / /

/ / / /

/ / / /

Page 14 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

## VI. Tallman's argument against Miller's fair comment defense ignores the actual language used and misstates the law.

In Response to Miller's fair comment defense, Tallman claims that "Miller's fair-comment defense fails at the onset" because "Miller accuses Tallman of committing a crime under Oregon law through her defamatory statements." Response at 19. He cites the same outdated (and likely overruled) caselaw for the additional argument that the fair comment privilege only applies to opinions. *Id.*

First, there is no "crime" carveout under Oregon's fair comment jurisprudence. Miller cites to the 1927 *Peck* case for this proposition, where the Plaintiff sued a newspaper for reporting on Peck's Ku Klux Klan affiliation. But Peck is unreliable at best, nearly 100 years after it was first decided, because numerous Oregon Supreme Court opinions contradict it, if not outright overrule it. The modern statement of the fair comment privilege is that a statement is conditionally privileged if: (1) it was made to protect the interests of defendants; (2) it was made to protect the interests of plaintiff's employer; or (3) it was on a subject of mutual concern to defendants and the persons to whom the statement was made. *See Wattenburg v. United Medical Lab.,* 269 Or. 377, 380 (1974); *see also Walsh v. Consolidated Freightways*, 278 Or. 347, 355 (1977); *see also Wallulis v. Dymowski*, 323 Or 337, 350 (1996). The fair comment defense is based on the circumstances of who is making the statement and not their content.

Second, even if there was a crime carveout, Miller's Facebook post does not accuse Tallman of a crime. Nowhere does she say that Tallman is a pedophile or that he molested her. Miller stated that she believed that she was experiencing

Page 15 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

Motschenbacher & Blattner LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

"building blocks to an agenda," that she was experiencing "sexual and controlling behaviors" and that had friend and coaches not picked up on these behaviors, "where it could have gone I don't even want to try to imagine." She specifically states that Tallman's behavior did not rise to the level of molestation because it was limited to "sexual and controlling behaviors," and "where it could have gone"—***but didn't go***—she "didn't even want to try to imagine." Complaint at ¶ 8.

Third, it is nonsensical to say that the fair comment privilege applies only to opinions because opinions are not actionable regardless of the circumstances under which they are made. *Peck* held that the defendant had "a right to express its opinion concerning the activities of the Ku Klux Klan and plaintiff's affiliation with it, when they affected matters of public concern, if the publication was made in good faith and without malice." *Peck v. Coos Bay Times Pub. Co.*, 122 Or 408, 421 (1927). That holding is no longer the law, because opinion is always allowed, regardless of a lack of good faith or malice or the impact on public concern. *See Milkovich v. Lorain Journal Co.*, 497 US 1, 21 (1990) (discarding the distinction between opinion and non-opinion speech and instead adopting the test that the speaker's language must falsely "imply an assertion" of objective fact.)

## VII. The Facebook post is protected under *Neumann*.

In arguing that Miller's Facebook post is actionable, Tallman ignores several critical features—its context on Facebook, clear statement of personal perspective, and the actual words used—that defeat the foundational basis for his claims.

As recognized by both parties, to determine if a statement implies an assertion of objective fact, the court is to evaluate (1) whether the general tenor of

Page 16 of 19
{00639969;1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

the entire publication negates the impression that the defendant was asserting an objective fact; (2) whether the defendant used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is capable of being proved true or false. *Neumann v. Liles*, 358 Or 706, 719 (2016). The court is to "consider the work as a whole, the specific context in which the statements were made, and the statements themselves to determine whether a reasonable factfinder could conclude that the statements imply a false assertion of objective fact and therefore fall outside the protection of the First Amendment." *Id.*

Like in *Neumann*, the general tenor of Miller's post is that it is subjective opinion. It is a statement on Facebook, an inherently unreliable social media platform. *See Commonwealth v. Stewart*, 95 Mass App Ct 1102 (2019). Miller identifies the post as "my story" indicating that it is fundamentally subjective. *See Neumann* at 72 (statement explicitly prefaced with the words "[i]n my opinion" alerts the reader to the fact that what follows is a subjective viewpoint.) While she does not use extensive figurative or hyperbolic language found in other cases, figurative language is present, and the context of her post within the context of other posts on the same topic that make extensive use of figurative language tends to negate any facts that could be asserted within her post. Finally, the post as a whole is incapable of being proven true or false, despite the possibility that individual sentences could be when taken out of context.

### VIII. Tallman's evidentiary objections don't comply with local rules.

Finally, Tallman objects to certain information in the Sexton and Miller declarations and seeks to have that evidence excluded. Response at 23. Tallman's

Page 17 of 19
{00639969:1}

DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

Motschenbacher & Blattner LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

evidentiary objections must be denied because they violate local rule 7-1(b) which requires that "[m]otions may not be combined with any response, reply, or other pleading." Tallman combined his Response with evidentiary motions, in violation of local rules.

Tallman further objects to the Miller declaration on the grounds that it was filed one day after the answer deadline. The delay in signing the declaration was Miller's inability to sign it on time. Miller Supp. Dec ¶2. Regardless, Tallman has not articulated how this delay has caused him prejudice, and no prejudice is cognizable under the circumstances with a mere 1-day delay in filing a declaration, when the Motion and other documents were filed on time. Striking the Miller declaration in these circumstances would run afoul of FRCP 1's requirement that the rules, and the local rules promulgated thereunder, be administered and employed to achieve "a just speedy and inexpensive determination of every action". FRCP 1. *See also Schiavone v. Fortune* 477 US 21, 27 (1986) ("decisions on the merits are not to be avoided on the basis of "mere technicalities.").

Additionally, as Tallman has presented the same information in his declaration in support of his Response that he objected to in the Sexton declaration, further response is unnecessary as his objection is mooted by his introduction of the same material.

/ / / /

/ / / /

/ / / /

/ / / /

Page 18 of 19
{00639969;1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

**MOTSCHENBACHER & BLATTNER LLP**
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

## IX. CONCLUSION

Miller's Motion should be granted because Tallman has not presented competent evidence to support his claims or to defeat Miller's defenses. The court should enter a judgment of dismissal without prejudice, and award Miller her attorney's fees and costs consistent with ORS 31.152(3).

DATED December 26, 2023

MOTSCHENBACHER & BLATTNER LLP

*/s/ Troy G. Sexton*

Troy G. Sexton, OSB #115184
Of Attorneys for Defendant Michaela Miller.

Page 19 of 19
{00639969:1}
DEFENDANT MICHAELA MILLER'S REPLY TO HER ORS 31.150 SPECIAL MOTION TO STRIKE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT MICHAELA MILLER'S ORS 31.150 SPECIAL MOTION TO STRIKE** on the attorney or party listed below on the date set forth below by the method(s) indicated:

**Buchalter, A Professional Corporation**
Attn.: Daniel P. Larsen, OSB No. 943645
805 SW Broadway, Suite 1500
Portland, OR 97205

**Buchalter, A Professional Corporation**
Attn.: Josh H. Escovedo, California Bar No. 284506, and
Christina M. Morgan, California Bar No. 277877
500 Capitol Mall, Suite 1900
Sacramento, CA 95814

☐ First-class mail, postage prepaid
☐ Facsimile, pursuant to ORCP 9 F
☐ Hand-delivery
☐ Overnight courier, delivery prepaid
☐ E-mail, pursuant to ORCP 9 G
☒ E-mail copy, as a courtesy only
☒ CM/ECF system, pursuant to UTCR 21.100.
☐ Other

DATED December 26, 2023

MOTSCHENBACHER & BLATTNER LLP

Troy G. Sexton, OSB #115184
Of Attorneys for Defendant Michaela Miller.

Page 1 of 1
{00639969:1}
CERTIFICATE OF SERVICE

MOTSCHENBACHER & BLATTNER LLP
6000 Meadows Road Suite 450
Lake Oswego OR 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com