**Daniel P. Larsen**, OSB: 943645
Email:  dlarsen@buchalter.com
**Christina M. Morgan**, CA SBN: 277877
*admitted pro hac vice*
Email:  cmorgan@buchalter.com
**Josh H. Escovedo**, CA SBN: 284506
*pro hac vice* admission pending
Email:  jescovedo@buchalter.com
BUCHALTER
805 SW Broadway, Suite 1500
Portland, OR  97205
Telephone: 503.226.1191

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JONATHAN TALLMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAELA MILLER, an individual,<br><br>Defendant. | Case No.: 2:23-cv-01592-HL<br><br>**PLAINTIFF JONATHAN TALLMAN'S REPLY IN SUPPORT OF MOTION TO STRIKE NEW EVIDENCE AND NEW ARGUMENTS SUBMITTED ON REPLY OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY** |

Plaintiff Jonathan Tallman brought the pending Motion to Strike New Evidence and New Argument from Defendant Michaela Miller's ORS 31.150 Special Motion to Strike. In response, Defendant concedes that Plaintiff should be allowed to file a sur-reply on the judicial estoppel argument but otherwise asserts that the remainder of Plaintiff's Motion should be denied.

First, Defendant contends that Plaintiff failed to meet and confer in accordance with Local Rule 7-1. *See* Miller Resp. at 2 ("Tallman's counsel sent 2 nonspecific emails about the

1

issues raised in the Motion, and no phone call or in person meeting was had."). However, Plaintiff's counsel sent a third email to Defendant's counsel providing further explanation on Plaintiff's position and requesting additional clarification on the issues. *See* Morgan Decl., ¶ 3, Ex. A. When Defendant's counsel did not respond, Plaintiff filed the pending Motion. Therefore, Defendant's argument should be rejected.

Defendant primarily takes issue with Plaintiff's citations to cases addressing the standard for reviewing arguments and evidence raised for the first time on appeal, arguing that those cases do not reflect the trial court standard. *See* Miller Resp. at 3–5. Even applying said standard, the result is the same: the court can either decline to consider the new evidence and arguments in a reply or allow Plaintiff the opportunity to file a sur-reply. *See Or. Nat. Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014) ("When a party has raised new arguments or presented new evidence in a reply to an opposition, the court *may permit* the other party to counter the new arguments or evidence.") (emphasis added); *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (stating "a district court has the discretion to consider an argument first raised in a reply brief.").

Here, Defendant's Reply in Support of her Special Motion to Strike raises a new argument that judicial estoppel bars Plaintiff's claims, and the Declaration of Troy G. Sexton in Support of Defendant's Special Motion to Strike ("Supplemental Sexton Declaration") contains a default order entered in another case in support of this new argument. The Supplemental Sexton Declaration also contains a news article, which according to Defendant "refutes Tallman's assertion in his Response that 'Tallman is a small business owner in a town of approximately 4,000' and not a public figure." Miller Resp. at 5. However, Defendant's argument that Plaintiff is a limited-purpose public figure was raised in her Special Motion to Strike so the news article could have been submitted concurrently with that Motion.

Furthermore, Defendant asserts that the Supplemental Declaration of Michaela Miller in Support of her Special Motion to Strike was made in response to evidentiary objections raised by Plaintiff in his Opposition but that "[t]he substance of Miller's statements remains the same." *See*

Miller Resp. at 5. In doing so, however, the substance of her statements has changed and thus it contains new evidence, specifically interactions that Defendant claims to have witnessed and the identity of the moderator of a Facebook group. In any case, Local Rule 56-1(b) provides: "If an evidentiary objection is raised in the non-moving party's response memorandum, the moving party may address the objection in its reply memorandum[.]" Accordingly, Defendant was entitled to address Plaintiff's evidentiary objections in her Reply brief, not amend or supplement her declaration. *See Gillis v. Chapman*, No. 6:17-cv-00705-AA, 2022 WL 991669, at *4 (D. Or. Mar. 31, 2022) (finding the plaintiff's attempt to add additional pages of transcript to address evidentiary objections raised in a reply brief went "beyond the scope of what is permitted by Local Rule 56-1(b), which permits the filing of a 'memorandum' addressing only the evidentiary objection.").

Alternatively, if this Court is inclined to consider the new evidence and argument presented by Defendant on reply, then Plaintiff requests the opportunity to file a sur-reply. *See* Miller Resp. at 6 (stating that Defendant does not oppose the filing of a sur-reply on the judicial estoppel argument).

DATED: January 30, 2024

BUCHALTER, APC

By /s/ Christina Morgan
Daniel P. Larsen, OSB: 943645
Email: dlarsen@buchalter.com
Christina M. Morgan, CA SBN: 277877
Email: cmorgan@buchalter.com
Josh H. Escovedo, CA SBN: 284506
Email: jescovedo@buchalter.com
Telephone: 503.226.1191

Attorneys for Plaintiff

3