IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JONATHAN TALLMAN, an individual, | No. 2:23-cv-01592-HL |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| MICHAELA MILLER, an individual. | |
| Defendant. | |

HALLMAN, United States Magistrate Judge:

In an Order dated October 25, 2024, Judge Simon concluded that Plaintiff Jonathan Tallman "was a 'general purpose' public figure in August 2023" and remanded this matter to this Court to determine "whether Tallman has presented sufficient evidence of 'actual malice' on the part of Miller, as that term is understood in the context of the *New York Times* rule." Order 7, ECF 32. For the following reasons, this Court concludes that Tallman has presented substantial evidence of actual malice and again recommends that the Motion to Strike be DENIED.

## DISCUSSION

As relevant here, "actual malice" includes making a statement with the knowledge that it is false. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964) (actual malice may be established by evidence that a statement was published "with knowledge that it was false or with

Page 1 – SUPPLEMENTAL FINDINGS AND RECOMMENDATION

reckless disregard of whether it was false or not."); *Wingard v. Or. Fam. Council, Inc.*, 290 Or. App. 518, 523 (2018) (When the plaintiff in a defamation case is a public figure, "he can prevail only by proving actual malice—that is, that defendants acted with 'knowledge of falsity or reckless disregard of truth.'"). When determining whether a party acted with actual malice, "[p]rofessions of good faith will be unlikely to prove persuasive . . . where a story is fabricated by the defendant[.]" *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968).

As this Court previously concluded:

> Miller made statements of objective fact that she was sexually assaulted by Tallman, which Tallman now asserts were provably false and that Miller knew they were false. Compl. ¶¶ 22, 27, 33. Based on this evidence, there are only two plausible inferences that can be drawn from the allegations in the complaint: Miller is lying about the alleged abuse, or she is not. If she is lying, she will have exhibited actual malice, a standard higher than negligence.

F. & R. 15, ECF 27. Accordingly, this Court concluded that Tallman had presented substantial evidence of negligence. For largely these same reasons, this Court concludes that Tallman has presented substantial evidence of actual malice.

This Court is presented with conflicting evidence as to whether Tallman sexually assaulted Miller. But because this is an anti-SLAPP motion, it is required to adopt the version of events most favorable to Tallman, so long as those facts are supported by substantial evidence. *Miller v. Watson*, No. 3:18-cv-00562-SB, 2019 WL 1871011, at *3 (D. Or. Feb. 12, 2019) (citing *Plotkin vs. State Accident Ins. Fund*, 280 Or. App. 812, 816 (2016)). Here, Tallman has presented substantial evidence that Miller's allegations of sexual assault are "false." Tallman Decl. ¶ 22. This includes specific denials of the instances of sexual misconduct that were alleged in the police report and the Facebook post referred to. *Id*. at ¶¶ 23, 29 (inappropriate sexual comments); ¶ 24 (inappropriate use of ice); ¶ 25, ¶ 27 (touching Miller's breasts and buttocks). It also includes general denials of Miller's allegations that he engaged in "sexual and controlling

Page 2 – SUPPLEMENTAL FINDINGS AND RECOMMENDATION

behaviors" and was a "predator." *Id*. at ¶ 21. Accordingly, when the evidence is viewed in the light most favorable to Tallman, he has presented substantial evidence that Miller has falsely accused him of sexual abuse.

Miller does not dispute that there are issues of fact as to whether the accusations are false but instead argues that some other evidence of her mental state is required. Def. Obj. to F. & R. 10–11, ECF 29 ("While Tallman's declaration may be sufficient to create a fact question about what really happened between the two parties, a fact question is not the same as affirmative evidence of malicious intent by Miller[.]"). This Court agrees with Miller that, apart from the assertion that the allegations were false, Tallman has not presented any evidence that Miller acted with malice when making these allegations.[1] Thus, the question on remand is whether Tallman's assertion that Miller's statements were false constitutes substantial evidence of actual malice.

Because Miller and Tallman were both direct actors in events that either did or did not occur, Tallman's claim of falsity, standing alone, is sufficient to find substantial evidence that she had knowledge of the falsity and therefore acted with actual malice. This issue was addressed in *Chastain v. Hodgdon*, 202 F. Supp. 3d 1216, 1218–20 (D. Kan. 2016), where the plaintiff

---

[1] Tallman declares that the allegations against him were investigated and that he was not charged with any crime. Tallman Decl. ¶ 15. This evidence would at most speak to a lack of evidence regarding whether a crime occurred and not to Miller's subjective state of mind. *Cf. Chapa v. Foell*, No. CV 13-04536-BRO (MRWx), 2014 WL 12966284, at *6 (C.D. Cal. July 10, 2014) (discussing evidence of purported exoneration). Moreover, the fact that an alleged sexual assault was investigated and not charged, without any explanation for why no charges were filed, has no bearing on whether the sexual assault occurred. There are a multitude of reasons as to why law enforcement could decline to bring charges, and this Court cannot infer that the reason no charges were filed was due to a lack of evidence, the credibility of the alleged victim, or any other reason that would bear on the truth of the allegations. Accordingly, Tallman's declaration that no charges were filed has no bearing on whether he has presented substantial evidence of actual malice.

Page 3 – SUPPLEMENTAL FINDINGS AND RECOMMENDATION

alleged that the defendant acted with actual malice because a Facebook post stating that the plaintiff sexually assaulted defendant twenty years prior was false. The Court found that "[i]f defendant knew that the events were false, and nonetheless wrote the detailed narrative describing exactly how plaintiff sexually assaulted or attempted to rape her when it actually never occurred, it is axiomatic that she wrote the narrative with actual malice, or actual knowledge that it was false." *Id.* at 1222. Later, upon reconsideration, the Court clarified that in a defamation case where:

> defendant and plaintiff were the only two direct actors in events that either did or did not occur, plaintiff's claim of falsity supports both that the statement was false and that defendant necessarily knew it was false at the time she said it—because, according to him, it never occurred. Plaintiff's testimony, then, would be used for two purposes: (1) to show falsity, and (2) to show that defendant knew it was false, which is precisely the standard for actual malice.

*Chastain v. Hodgdon*, No. 16-2087, 2016 WL 5109944, at *2 (D. Kan. Sept. 20, 2016).[2]

---

[2] Numerous other courts have reached a similar conclusion in defamation cases where the parties are two direct actors in the events that either did or did not occur, and one party alleges falsity. *Cf. Christian Rsch. Inst. v. Alnor*, 55 Cal. Rptr. 3d 600, 612 (Cal. Ct. App. 2007) ("[M]alice may be inferred where, for example, 'a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call.'"); *Bookout v. Shelley*, No. 02-22-00055-CV, 2022 WL 17173526, at *19 (Tex. App. Nov. 23, 2022) ("[W]here, as here, two parties have dramatically opposed versions of events, a plaintiff's claim of falsity is evidence both that the statement was false and that the defendant necessarily knew it was false at the time he said it because—if the plaintiff's version of events is correct—it never occurred."); *Todd v. Lovecruft*, No. 19-cv-01751-DMR, 2020 WL 60199, at *20 (N.D. Cal. Jan. 6, 2020) ("[I]f [Defendant] is lying, [Defendant] would have to know that their version of events is false because they personally experienced the encounter. That in turn would mean that the Statements were made with malice."); *Coomer v. Donald J. Trump for President, Inc.*, 552 P.3d 562, 592 (Colo. App. 2024) (Fabricating an account, "by definition, would show actual malice on the part of the [defendant] because it would mean [defendant] knew his account was false."); *L.S.S. v. S.A.P.*, 523 P.3d 1280, 1291 (Colo. App. 2023) ("[C]ourts . . . have routinely held that a plaintiff's allegations that the defendant made false accusations are sufficient to create a factual issue as to actual malice."); *McDonald v. Wise*, 769 F.3d 1202, 1220 (10th Cir. 2014) ("[Plaintiff's] factual allegations raise the reasonable inference that [Defendant] did not believe he had sexually harassed her and therefore that she knew she was making a false statement, or at a minimum had reckless disregard for the truth.").

As *Chastain* demonstrates, in defamation cases involving allegations of sexual assault, there are limited instances where allegations of falsity, standing alone, are sufficient to demonstrate actual malice. The parties must be direct actors to the alleged sexual assault who therefore know whether the statements are false. This same rationale does not apply when an individual or media defendant publishes a statement concerning a third party, without any direct knowledge of whether the statement is true. *See Ratner v. Kohler*, Civ. No. 17-00542 HG-KSC, 2018 WL 1055528, at *8 (D. Haw. Feb. 26, 2018) (distinguishing "defamation case[s] against a publisher or a journalist investigating events about third parties" from cases involving a first-hand account of sexual assault which Defendant allegedly knew did not take place). There also must be a dispute over whether the event itself occurred and not simply a dispute about whether certain sexual conduct amounted to rape or sexual assault. *See Chapa*, 2014 WL 12966284, at *7 n.5 (explaining that "'[r]ape' is a legal conclusion, and the Parties may have different impressions of the same experience").

The same principals as in *Chastain* apply with equal force here. It is undisputed that Tallman and Miller were both direct actors in alleged sexual assault and misconduct that either did or did not occur. And Tallman has submitted a declaration that disputes, with particularity, Miller's account of the alleged sexual assault. Because this Court must accept Tallman's version of events as true on an anti-SLAPP motion, this evidence constitutes substantial evidence that Miller knew her version of events was false, which is precisely the standard for actual malice. Accordingly, this Court finds that Tallman has presented substantial evidence of actual malice.

## RECOMMENDATION

Defendant Miller's Motion to Strike, ECF 6, should be DENIED.

**SCHEDULING ORDER**

The Supplemental Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 8th day of January, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge