IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JONATHAN TALLMAN**, | Case No. 2:23-cv-1592-HL |
| Plaintiff, | **ORDER** |
| v. | |
| **MICHAELA MILLER**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation ("F&R 1") in this case on September 17, 2024. ECF 27. Judge Hallman recommended that this Court deny Defendant Michaela Miller's ("Miller") motion to strike Plaintiff Jonathan Tallman's ("Tallman") complaint under Oregon's anti-SLAPP statute. Upon de novo review, the Court found that Tallman is a public official and remanded the case back to Judge Hallman for further consideration. ECF 32. On January 8, 2025, Judge Hallman issued supplemental Findings and Recommendation ("F&R 2"), addressing the limited question of whether Tallman had presented sufficient evidence of actual malice. ECF 34. Judge Hallman recommends that this Court deny Miller's motion to strike Tallman's complaint under Oregon's anti-SLAPP statute because Tallman has sufficiently shown actual malice. Miller timely objected, arguing that Tallman has

not presented evidence of malice with convincing clarity and that judicial estoppel bars Tallman's claims.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). Upon de novo review, for the reasons explained below, the Court adopts F&R 2 and denies Miller's motion to strike.

## DISCUSSION

### A.  Actual Malice

Miller objects that Tallman has not provided sufficient evidence of actual malice. Actual malice includes making a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). Proof of actual malice requires "convincing clarity," *id.* at 285-86, which later courts have interpreted as clear and convincing evidence. *See, e.g.*, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974) (explaining that the *New York Times* standard allows public figures to "recover for injury to reputation only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or reckless disregard for the truth").

Miller argues that because she is attacking the factual sufficiency of the claim, the Court must apply the summary judgment standard under Rule 56 of the Federal Rules of Civil Procedure in analyzing her anti-SLAPP motion to strike. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) (stating rule with respect to California anti-SLAPP law); *Conroy v. Mewshaw*, 2022 WL 2981453, at *7-8 (D. Or. July 28,

2022) (applying same standard to Oregon anti-SLAPP law).[1] Miller contends that Tallman has

not presented sufficient evidence to survive the Rule 56 standard.[2] Tallman responds that he has

presented sufficient evidence of actual malice to establish a genuine issue for trial.

In F&R 2, Judge Hallman cites many cases in which a court held that the plaintiff's

denial of the defendant's allegations was sufficient to establish actual malice by the defendant.

*See, e.g.*, *Chastain v. Hodgdon*, 202 F. Supp. 3d 1216, 1221-22 (D. Kan. 2016); *Ratner v.*

*Kohler*, 2018 WL 1055528, at *8-9 (D. Haw. Feb. 26, 2018); *Todd v. Lovecruft*, 2020

WL 60199, at *20 (N.D. Cal. Jan. 6, 2020); *L.S.S. v. S.A.P.*, 523 P.3d 1280, 1291 (Colo.

App. 2022). Miller distinguishes *Chastain*, the case that F&R 2 primarily analyzes, as decided on

a motion to dismiss rather than summary judgment. *L.S.S. v. S.A.P.*, however, uses the summary

judgment standard in deciding an anti-SLAPP motion, and cites other cases in which summary

judgment was denied based, at least in part, on affidavits or declarations by the plaintiff denying

---

[1] This line of cases also requires that when the summary judgment standard applies, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Planned Parenthood*, 890 F.3d at 834. Tallman argued in his response to Miller's motion to strike: "To the extent [Miller] challenges the factual sufficiency of Tallman's claims, the Court must allow Tallman to conduct discovery before it issues a ruling. Of course, if the Court finds that Tallman has carried his burden even without the benefit of discovery, it can deny the Motion now." ECF 11 at 15 n.1. Because the Court denies Miller's motion, the Court need not allow additional discovery before making its ruling.

[2] Miller also argues that the F&Rs improperly analyzed her motion under the motion to dismiss standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure—taking all factual allegations in the complaint as true—instead of the Rule 56 standard. In F&R 1, however, Judge Hallman explicitly applied the Rule 56 standard. ECF 27 at 13 ("When applying the Rule 56 standard—as this Court must when faced with an evidentiary challenge in an anti-SLAPP motion—that evidence must be viewed in the light most favorable to Tallman. When viewed in that light, a reasonable juror could find that Miller did not have a reasonable belief in the truth of her statements."). Judge Hallman repeated this standard in F&R 2, explaining that "this Court concludes that Tallman has presented substantial evidence of actual malice." ECF 34 at 2. The Court thus evaluates the merits of Miller's anti-SLAPP motion under the Rule 56 standard.

the alleged conduct. 523 P.2d at 1291 ("[W]hen faced with similar competing narratives, courts in Colorado and elsewhere have routinely held that a plaintiff's allegations that the defendant made false accusations are sufficient to create a factual issue as to actual malice."); *see also Thompson v. Pub. Serv. Co. of Colo.*, 800 P.2d 1299, 1307 (Colo. 1990) (en banc) (concluding that a genuine issue of fact existed with respect to actual malice when the plaintiff "filed an affidavit in which he denied both the allegations of sexual harassment and falsification of the time card and presented a detailed version of the facts that was substantially different from [the defendant's] version of the two incidents"); *Stevens v. Mulay*, 2021 WL 1153059, at *4 (D. Colo. Mar. 26, 2021) ("[The plaintiff] has presented evidence which a reasonable jury could find casts substantial doubt on [the defendant's] claim . . . ."). Thus, Miller's argument is unavailing.

Further, Miller argues that the plaintiff in *Chastain* provided specific details to contradict details in the defendant's narrative. *Chastain*, 202 F. Supp. 3d at 1222 ("Such recounting from defendant's perspective necessarily requires a lucid memory of the event as experienced by defendant herself. . . . [S]uch a first-person narrative would require that defendant knew that the events were false because she necessarily never experienced them."). Miller contends "that same level of detailed factual evidence is absent from Tallman's Complaint and declarations," and therefore that Tallman has not sufficiently established actual malice.

Conflicting declarations by themselves, however, are sufficient to create a genuine dispute of material fact. In *Todd*, "[t]he only evidence supporting either parties' claims are their declarations attesting to conflicting versions of their encounter." 2020 WL 60199, at *20. The court explained that the plaintiff "describes his . . . encounter with [the defendant] in some detail and *unequivocally avers that he did not engage in sexual misconduct toward [the defendant]*." *Id.* (emphasis added). The court held that the defendant's "testimony to the contrary does not

defeat [the plaintiff's] evidentiary submissions. This is because logically, if [the defendant] is lying, [the defendant] would have to know that their version of events is false because they personally experienced the encounter. That in turn would mean the Statements were made with malice." *Id.*

The case here is like *Todd*. Miller has submitted her declaration and the police report to support her allegations against Tallman, and Tallman has submitted his declaration unequivocally denying all allegations in Miller's declaration. The Court does not make credibility determinations or weigh evidence when ruling on a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ."). Instead, because the "clear and convincing" evidence standard applies, "the appropriate summary judgment question [is] whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown actual malice by clear and convincing evidence or that the plaintiff has not." *Id.* at 255-56. A reasonable jury could believe Miller; a reasonable jury could also believe Tallman. If a jury believes Tallman, then Miller would appear to have known that the events were false because she experienced them, and "it is axiomatic that she wrote the narrative with actual malice, or actual knowledge that it was false." *Chastain*, 202 F. Supp. 3d at 1222. Tallman has thus presented sufficient evidence of actual malice at this stage of the proceeding.[3]

---

[3] Miller also cites *Anderson* as a case "directly on point." In *Anderson*, however, the defendants were a magazine, its publisher, and its chief executive officer, who were "investigating events about third parties," not individuals who had personal knowledge of the statements. *See Ratner*, 2018 WL 1055528, at *8. Here, Tallman asserts that Miller "knew her Facebook post was false when she published it because the events she recounted never took

**B. Judicial Estoppel**

Miller also repeats her objection, originally raised to F&R 1, that Tallman's claims are barred by his judicial admissions and the doctrine of judicial estoppel.[4] Miller objects that Tallman has not sufficiently alleged that Miller caused Tallman's harm because Tallman alleges that five other parties made statements that caused the same harm. Specifically, Miller cites the default order Tallman has obtained against Faith Spencer. Miller argues that Tallman's allegations against Ms. Spencer are the same as his allegations against Miller and thus Tallman has taken contradictory positions and is judicially estopped. Tallman responds he has not taken inconsistent positions. Instead, Tallman argues that he has alleged that multiple people contributed to the harm he suffered. Tallman contends that suing each defendant separately is no different than if he named all defendants in one lawsuit and pursued them jointly and severally.

In determining whether judicial estoppel applies, courts should consider three factors. First, a "party's later position must be 'clearly inconsistent' with its earlier position." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). Second, the court should consider "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the

---

place. . . . [Thus], there are sufficient allegations that [Miller] acted with actual malice based on the claim that [Miller] knew at the time of publication that the purported rape never occurred." *Id.* at *8-9.

[4] Miller also states that F&R 2 did not address her judicial admission argument but does not elaborate further on this argument. In F&R 1, Judge Hallman explained that allegations in a complaint are only considered judicial admissions in the same judicial proceedings, and thus rejected Miller's judicial admission argument based on Tallman's allegations in a separate lawsuit. *See Aginsky v. Farmers Ins. Exch.*, 409 F. Supp. 2d 1230, 1236 (D. Or. 2005). The Court agrees with Judge Hallman's conclusion.

second court was misled.'" *Id.* (quoting *Edwards v. Aetna Life Ins.*, 690 F.2d 595, 599 (6th Cir. 1982)). Third, the court should determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. Under this standard, Tallman's allegations against Miller and other defendants do not trigger judicial estoppel. It is not "clearly inconsistent" for Tallman to allege that multiple parties caused the same harm. Moreover, the default order against Ms. Spencer merely states that Ms. Spencer was duly served and did not appear. ECF 13-2 at 1. The state court did not analyze the merits of Tallman's allegations. Finally, Tallman is not seeking to assert an inconsistent position, and thus the third factor does not apply. Thus, judicial estoppel does not bar Tallman's claims against Miller.

## CONCLUSION

The Court ADOPTS F&R 2, ECF 34, and DENIES Miller's anti-SLAPP motion to strike, ECF 6.

**IT IS SO ORDERED**.

DATED this 10th day of February, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge